IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

**KAREN E. MOSHER**
AND
THOMAS L. MOSHER, III
16209 249th STREET E
GRAHAM, WA 98338

      PLAINTIFFS

- VS. -

REV RENEGADE LLC
C/O CT CORPORATION SYSTEM, S/A
334 NORTH SENATE AVE.
INDIANAPOLIS, IN 46204

      AND

FORD MOTOR COMPANY
C/O CT CORPORATION SYSTEM, S/A
334 NORTH SENATE AVE.
INDIANAPOLIS, IN 46204

      DEFENDANTS

CASE NO.

COMPLAINT AND JURY DEMAND

## PRELIMINARY STATEMENT

1. This case is about a defective 2020 Renegade Veracruz 35MDS Class C recreational vehicle ("RV") that was built and warranted by REV Renegade, LLC and Ford Motor Company. The RV is riddled with a litany of substantial defects, including a structural crack in the side wall and a chassis defect the causes the RV's dash warning lights to illuminate and the RV to run rough– neither of which has ever been fixed despite multiple and repeated warranty repair trips and

service attempts and opportunities.

2. This case involves claims asserted under the Indiana and/or Idaho and/or Washington and/or Nebraska and/or Michigan Uniform Commercial Code, and the Magnuson Moss Warranty Act.

3. Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332.

4. The vehicle which is the subject of this dispute was built and warranted by REV Renegade LLC and Ford Motor Company, in whole or in part, and manufactured in its final form in Indiana; was acquired by Plaintiffs in Idaho and was defective when acquired; ineffective repair attempts were made upon the subject vehicle by Defendants' authorized representative dealerships in Idaho, Michigan, Nebraska and Washington, and at Defendant REV Renegade LLC's factory service center in Indiana; REV Renegade LLC controlled the speed and processing of warranty repairs and parts distribution from its factory in Indiana, and Ford Motor Company controlled the speed and processing of its warranty repairs and parts distribution from its factory in Michigan; the place where the relationship of the parties arose is Idaho or Indiana, because the warranty obligations of Defendant REV Renegade LLC were made by Defendant REV Renegade LLC in Indiana and were received by Plaintiffs with the purchase of the subject RV in Idaho; and REV Renegade LLC and Ford Motor Company advertised and solicited the sale of the RVs which they manufactured, including Plaintiffs' RV, in both Idaho and

Indiana.

## IDENTIFICATION OF PARTIES

5. Karen Mosher and Thomas Mosher III are natural persons residing in Washington, are residents and citizens of Washington, and are consumers and buyers within the meaning of all applicable laws.

6. Defendant REV Renegade LLC is a Delaware limited liability company, was formed in Delaware, has its principle place of business in Indiana, and is domiciled in Indiana. Defendant REV Renegade LLC's sole member is REV Group, Inc., a Delaware corporation with its principle place of business in Indiana. Defendant REV Renegade LLC has a factory service center in Bristol, Indiana, where it built the subject RV and performed warranty repairs on the subject RV, and is a warrantor of the subject RV that Plaintiffs acquired, and is a supplier and a merchant and a person.

7. Defendant Ford Motor Company was at all times relevant a Delaware corporation, with its principle place of business in Michigan. Defendant is a resident and citizen of, and is domiciled in, Michigan. Defendant is authorized to do business and doing business in Indiana, Idaho, Washington, Michigan, Nebraska, and elsewhere, and is the manufacturer and warrantor of the subject RV's chassis that Plaintiffs acquired from IWS Motor Coaches, in Idaho. Ford Motor Company was, at all times relevant, engaged in the business of selling and servicing recreational vehicles through its authorized dealerships and agents that it maintains nationwide. Ford Motor Company is an original producer of completed components which are furnished to a second vehicle manufacturer,

such as REV Renegade LLC in this case, for installation in a recreational vehicle or other vehicle prior to retail sale to a buyer, and is a supplier who engaged in the business of making a consumer product, specifically the subject vehicle's chassis and its related parts, directly or indirectly available to consumers like Plaintiffs.

8. The RV at issue in this case was manufactured as a complete vehicle in Indiana, for distribution in Indiana, Idaho, and elsewhere, and was warranted in whole or part by REV Renegade LLC, using a chassis and its related parts which was manufactured and warranted in whole or in part by Ford Motor Company.

9. The Plaintiffs acquired the subject RV from IWS Motor Coaches, in Mountain Home, Idaho, IWS Motor Coaches performed any pre-sale warranty repairs on the RV, and Plaintiffs presented the subject RV for repairs under the REV Renegade LLC warranty to IWS Motor Coaches. At all times relevant, IWS Motor Coaches was a supplier, merchant and an authorized representative and agent of REV Renegade LLC in Idaho for the sale and servicing of REV Renegade LLC products in Idaho. At all times relevant, IWS Motor Coaches was authorized by REV Renegade LLC to act for it as its authorized agent and representative in Idaho in all respects related to the sale of the vehicle involved in this case and the attempted performance of warranty repair and service work upon the subject new REV Renegade LLC vehicle.

10. The RV was presented to Les Schwab Tire in Mountain Home, Idaho for repairs. At all times relevant, Les Schwab Tire was a supplier, merchant and an authorized representative and agent of REV Renegade LLC in Idaho for servicing

of REV Renegade LLC products in Idaho. At all times relevant, Les Schwab Tire was authorized by REV Renegade LLC to act for it as its authorized agent and representative in Idaho in all respects related to the attempted performance of warranty repair and service work upon the subject new REV Renegade LLC vehicle.

11. The RV was presented to an authorized Ford Motor Company dealer in Mountain Home, Idaho for repairs. At all times relevant, this authorized Ford Motor Company dealer was a supplier, merchant and an authorized representative and agent of Ford Motor Company in Idaho for servicing of Ford Motor Company products in Idaho. At all times relevant, this authorized Ford Motor Company dealer was authorized by Ford Motor Company to act for it as its authorized agent and representative in Idaho in all respects related to the attempted performance of warranty repair and service work upon the subject Ford Motor Company chassis.

12. The RV was presented to Auto Park Ford in Sturgis, Michigan for repairs under the Ford Motor Company warranty. At all times relevant, Auto Park Ford was a supplier, merchant and an authorized representative and agent of Ford Motor Company in Michigan for servicing of Ford Motor Company products in Michigan. At all times relevant, Auto Park Ford was authorized by Ford Motor Company to act for it as its authorized agent and representative in Michigan in all respects related to the  attempted performance of warranty repair and service work upon the subject Ford Motor Company chassis.

13. The RV was presented to Friesen Ford in Aurora, Nebraska for repairs under the

Ford Motor Company warranty. At all times relevant, Friesen Ford was a supplier, merchant and an authorized representative and agent of Ford Motor Company in Nebraska for servicing of Ford Motor Company products in Nebraska. At all times relevant, Friesen Ford was authorized by Ford Motor Company to act for it as its authorized agent and representative in Nebraska in all respects related to the attempted performance of warranty repair and service work upon the subject Ford Motor Company chassis.

14. The RV was presented to Way Scarff Ford in Auburn, Washington for repairs under the Ford Motor Company warranty. At all times relevant, Way Scarff Ford was a supplier, merchant and an authorized representative and agent of Ford Motor Company in Washington for servicing of Ford Motor Company products in Washington. At all times relevant, Way Scarff Ford was authorized by Ford Motor Company to act for it as its authorized agent and representative in Washington in all respects related to the attempted performance of warranty repair and service work upon the subject Ford Motor Company chassis.

**FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT**

15. This case involves a defective 2020 Renegade Vera Cruz 35MDS recreational vehicle that each defendant warranted and contracted to warrant in whole or in part, but which it was not able to repair within a reasonable number of chances or within a reasonable amount of time and whose warranties and/or contracts defendants breached.

16. The chassis of the RV was manufactured and/or distributed, and warranted by Ford Motor Company. The box of the RV, and the RV in its final form, was

manufactured and/or distributed, and warranted by REV Renegade LLC.

17. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

18. This claim is for breach of express and/or implied warranties and/or contract of warranty by Defendant REV Renegade LLC in Indiana or Idaho, and by Ford Motor Company in Indiana, Idaho, Michigan, Nebraska and/or Washington.

19. As a result of the above, and the allegations below, inter alia, each defendant breached its warranty and/or contract to the injury of Plaintiffs.

20. At all times relevant, Plaintiffs were each a consumer.

21. At all times relevant, IWS Motor Coaches was a supplier and merchant and an authorized representative and agent of Defendant REV Renegade LLC. IWS Motor Coaches was authorized by Defendant REV Renegade LLC to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle.

22. At all times relevant, Les Schwab Tire was a supplier and merchant and an authorized representative and agent of Defendant REV Renegade LLC. Les Schwab Tire was authorized by Defendant REV Renegade LLC to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle.

23. At all times relevant, an unknown authorized dealer in Mountain Home, Idaho was a supplier and merchant and an authorized representative and agent of Defendant Ford Motor Company. This dealer was authorized by Defendant Ford Motor Company to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle.

24. At all times relevant, Auto Park Ford was a supplier and merchant and an authorized representative and agent of Defendant Ford Motor Company. Auto Park Ford was authorized by Defendant Ford Motor Company to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle.

25. At all times relevant, Friesen Ford was a supplier and merchant and an authorized representative and agent of Defendant Ford Motor Company. Frisen Ford was authorized by Defendant Ford Motor Company to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle.

26. At all times relevant, Way Scarff Ford was a supplier and merchant and an authorized representative and agent of Defendant Ford Motor Company. Way Scarff Ford was authorized by Defendant Ford Motor Company to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle.

27. At all times relevant, Defendants were each a supplier and merchant.

28. On or about May 18, 2020 the parties entered into a consumer transaction, in that Plaintiffs agreed to acquire the vehicle from IWS Motor Coaches, IWS Motor Coaches agreed to sell the vehicle to Plaintiffs, and as part of the deal IWS Motor Coaches agreed to arrange, and did so arrange, for Bank of the Ozarks to extend credit to Plaintiffs and to finance the transaction, and Defendants REV Renegade LLC and Ford Motor Company each contracted and/or agreed to warrant the vehicle to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain

2020 Renegade Vera Cruz 35MDS recreational vehicle believed to bear VIN No. 1FDUF5HT7KDA13797, and whose total cost including financing and down payment was about $254,459.60.

29. Plaintiffs acquired the vehicle in reliance on the existence of a written warranty and/or contract from each defendant and on advertising representations and/or warranties of each defendant.

30. The purpose of each defendant's warranty was (a) to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose, and (b) to give Plaintiffs confidence in the reliability and quality of the RV, and (c) to give Plaintiffs confidence in the defendant's representations about the subject vehicle and the vehicles defendant designed and built, and (d) to give Plaintiffs confidence in the defendant itself as a responsible company that lived up to its representations, its word, and its warranties.

31. After acquiring the vehicle, Plaintiffs discovered that it did not conform to the representations of defendants inasmuch as it developed continuing malfunctions, defects and problems.

32. The defects in the RV included, but are not limited to: Warning Lights Illuminate and Vehicle Goes Into Limp Mode, Crack in Wall Below Rear PS Slide Out, Paint Gel Coat Cracks, Compartment Doors, Mud Flap Rubbing Exhaust, Cracked Bathroom Vent Cover, Wallpaper Tape Peeling, Driver's Side Storage Bay Latch Covers Cracked, Rear Drivers Side Outboard Tire Does Not Match Others, Crack in Wall Below Rear PS Slide Out, Shade Behind Driver's Seat Won't Adjust, Exterior Gimp Molding Near Front of Coach Has Painted Caulk That Has

Cracked, Passenger Side Rear Slide Out Rear Corner Cap Has Severe Paint Runs and Bubbles, Main Driver Side Slide Out Sags in Middle and Drags on Floor, Cannot Open Dinette Drawers When Room is in, Sofa Feet Causing Dimples in Floor, Bay Doors Paint Damage, Driver Side Arm Rest Malfunctions, Repair Seam on Radius Wall (Panel to Panel is Not Level & Seam Tape Overlay is Visible), Holding Tank Bay U-Bolts Smaller than Other Doors, Main Awning Super Touchy Goes in With Smallest Breeze, Paint Over Entry Door Looks Like Child Did it, Toilet Leaking Under Base, and more.

33. Each defendant was notified of defects and non-conformities in the vehicle and the authorized repair facilities' and its own failed repair attempts repeatedly prior to filing this case.

34. In all respects, Plaintiffs substantially if not completely performed their obligations under the RV's warranties from REV Renegade LLC and Ford Motor Company, and REV Renegade LLC and Ford Motor Company did not perform their obligations, as set forth herein above and below.

35. Because of the contract and/or warranty-covered defects, Plaintiffs notified each defendant and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the RV into the possession of each defendant and/or one of its authorized servicing dealers at their cost and/or expense beginning just days after the sale.

36. On or about November 17, 2020, Plaintiffs presented their RV for repair to IWS Motor Coaches, a REV Renegade LLC authorized dealer, for repair of the following defects:

- Compartment Doors;
- Mud Flap Rubbing Exhaust;
- Cracked Bathroom Vent Cover;
- Wallpaper Tape Peeling;
- Driver's Side Storage Bay Latch Covers Cracked;
- Crack in Wall Below Rear PS Slide Out;
- Rear Drivers Side Outboard Tire Does Not Match Others;
- Paint Gel Coat Cracks; and
- Warning Lights Illuminate and Vehicle Goes Into Limp Mode.

The RV was at IWS Motor Coaches for repairs under the REV Renegade LLC warranty for a total of about 108 days. During repairs, IWS Motor Coaches sublet the RV to a local Ford Motor Company authorized dealer for repair of the Warning Lights Illuminate and Vehicle Goes Into Limp Mode defect under the Ford Motor Company warranty. During repairs, IWS Motor Coaches also sublet the RV to Les Schwab Tire in Mountain Home, Idaho, to replace the mismatched tire under the REV Renegade LLC warranty.

37. On or about October 12, 2021, Plaintiffs presented the RV for repair to REV Renegade LLC at its factory service center in Bristol, Indiana for repair of the following defects under the REV Renegade LLC warranty:

- Crack in Wall Below Rear PS Slide Out;
- Shade Behind Driver's Seat Won't Adjust;
- Paint Gel Coat Cracks;
- Exterior Gimp Molding Near Front of Coach Has Painted Caulk That Has Cracked;
- Passenger Side Rear Slide Out Rear Corner Cap Has Severe Paint Runs and Bubbles;
- Main Driver Side Slide Out Sags in Middle and Drags on Floor, Cannot Open Dinette Drawers When Room is in;
- Sofa Feet Causing Dimples in Floor;
- Bay Doors Paint Damage;
- Driver Side Arm Rest Malfunctions;
- Repair Seam on Radius Wall (Panel to Panel is Not Level & Seam Tape Overlay is Visible);
- Holding Tank Bay U-Bolts Smaller than Other Doors;

- Main Awning Super Touchy Goes in With Smallest Breeze;
- Paint Over Entry Door Looks Like Child Did it;
- Toilet Leaking Under Base; and
- Warning Lights Illuminate and Vehicle Goes Into Limp Mode.

The RV was at the REV Renegade LLC factory service center for repairs under the REV Renegade LLC warranty for a total of about 152 days. During repairs, REV Renegade LLC sublet the RV to Auto Park Ford in Sturgis, Michigan, a Ford Motor Company authorized dealer, for about 3 days for repair of the Warning Lights Illuminate and Vehicle Goes Into Limp Mode defect under the Ford Motor Company warranty.

38. While the RV was at the REV Renegade LLC factory service center, REV Renegade LLC extended the warranty on the RV until December 31, 2022.

39. On or about March 24, 2022, Plaintiffs presented the RV to Friesen Ford in Aurora, Nebraska, a Ford Motor Company authorized dealer, for repair of the following defects under the Ford Motor Company warranty:

- Warning Lights Illuminate and Vehicle Goes Into Limp Mode.

The RV remained at Friesen Ford for about 6 days for repairs under the Ford Motor Company warranty.

40. On or about September 16, 2022, Plaintiffs presented the RV to Way Scarff Ford in Auburn, Washington, a Ford Motor Company authorized dealer, for repair of the following defects under the Ford Motor Company warranty:

- Warning Lights Illuminate and Vehicle Goes Into Limp Mode.

The RV was in and out of Way Scarff Ford over the next 47 days a total of 3 separate times for repairs to the same defects under the Ford Motor Company

warranty. After the final appointment, the Warning Lights Illuminate and Vehicle Goes Into Limp Mode defect was still not fixed.

41. However, despite about 8 repair trips and over 300 days in the shop for warranty repairs, many of the RV's defects are still not fixed.

42. Since the structural Crack in Wall Below Rear Passengers Side Slide Out and the Paint Gel Coat Cracks were still not fixed, Plaintiffs made multiple attempts to schedule repairs. However, REV Renegade LLC continued to stall and delay in scheduling any repairs at all.

43. Since the Warning Lights Illuminate and Vehicle Goes Into Limp Mode defect was also still not fixed, Plaintiffs made multiple attempts to scheduled repairs. However, Ford Motor Company told them that the repairs were as good as they were doing to get.

44. On or about February 23, 2023 Plaintiffs, through counsel, notified Defendants REV Renegade LLC and Ford Motor Company of the unrepaired defects and dissatisfaction experiences in writing. Instead of requesting an opportunity to repair the RV's defects, REV Renegade LLC refused to do so under its existing warranty.

45. Prior to filing this case, Plaintiffs provided notice to defendants REV Renegade LLC and Ford Motor Company about its failures to live up to its warranties and/or contract.

46. Instead of performing as represented, defendants did not repair all defects in the vehicle once and for all time.

47. As a result, each defendant breached their express and implied warranties, and

warranty contracts.

48. As a result, each defendant's warranty and warranty contract each failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

49. In addition, any limitations contained within the warranty and warranty contract are null and void and without consideration and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

50. Through its advertising and otherwise, each defendant represented that the recreational vehicles and/or chassis it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiffs acquired the vehicle in reliance upon the belief that each defendant possessed a high degree of manufacturing skill and judgment.

51. Through its advertising and otherwise, each defendant represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiffs relied on such, but the vehicle involved in this case was not, however, of merchantable quality.

52. The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to Plaintiffs.

53. Each defendant's failure to timely fix all of the vehicle's defects has caused Plaintiffs to lose confidence in the reliability of the subject motor vehicle and in

the ability of each defendant to repair the vehicle's defects.

54. Plaintiffs provided each defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

55. As a result of the above facts, each defendant breached its warranties and warranty contract and warranty representations with respect to the RV.

56. One or more of the defects and malfunctions in the vehicle were covered under the terms of that defendant's warranties and warranty contract, and each defendant failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle.

57. Each Defendant and/or one or more of its authorized dealers had notices of the breaches of the warranty and warranty contract and the defective condition of the subject RV within a reasonable time.

58. Plaintiffs suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of each defendant's authorized representatives to repair or replace the vehicle or refund its price.

### SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

59. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

60. This claim is against defendants for breach of express and/or implied warranties and/or contract of warranties and/or defendants' violation of its obligations

under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to their obligations to comply with their respective warranties and/or contracts and/or to make their warranty term disclosures and actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

61. As a result of the above, among other things, each defendant has breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations.

62. As a result of the allegations set for in the first claim and also above, among other things, defendants each breached their express and/or implied warranties without legal excuse.

63. As a result of the above, inter alia, defendants are each in violation of the Warranty Act.

**WHEREFORE**, judgment is demanded against defendants as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

### PRAYER FOR RELIEF

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, reasonable attorney fees, plus all costs, and any and all other

legal and equitable relief deemed necessary and just.

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiffs to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all claims and issues.

Respectfully submitted,

/s/ Elizabeth Ahern Wells
ELIZABETH AHERN WELLS
Attorney for Plaintiffs
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone:   937.432.9500
Fax:               937.432.9503
Email:          Beth@BurdgeLaw.com

Z:\data\Mosher, Thomas III & Karen\Core Pleadings\Core Complaint 031523 bw.wpd